## City of Abingdon v. McCrew.

1. *Questions of Fact—Jury Should Govern.*—Where the evidence creates an impression of doubt in the minds of the court the verdict of the jury should govern.

Memorandum.—Action for personal injuries. Appeal from the Circuit Court of Knox County; the Hon. Arthur A. Smith, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

Williams, Lawrence & Williams, attorneys for appellant.

F. F. Cooke and A. M. Brown, attorneys for appellee.

Opinion of the Court, Lacey, J.

This was an action on the case by the appellee against the appellant to recover damages for injuries received by his stepping into a hole in the appellant's sidewalk, and breaking his leg, about nine feet east of the northwest corner of the Terry building in the city, as shown by the plat accompanying appellee's argument.

The case was in this court in May, 1892, on appeal of the appellant herein, and the judgment of the court below was reversed for error in instructions, and remanded for a new trial; it has been again tried and resulted in a verdict and judgment for appellee, for $750, and this appeal is taken by appellant seeking to reverse such judgment. There seem to be no errors in the instructions or refusal of instructions, given or refused, by the trial court. The main cause assigned for error is that the evidence did not support the verdict. The appellant insists that the injury resulted on account of the negligence of the appellee, induced by intoxication, and maintains that the evidence shows that the defendant was not injured at the place that he claims to be, but at an entirely different place, some 140 feet east of the place claimed by the appellee, on the same sidewalk, and in front of the calaboose, where the sidewalk was in perfect repair. There can be no dispute but that there was a dangerous hole in the sidewalk, and that it had been there a sufficient length of time for the city to have been notified of it, and repaired it, by the use of reasonable diligence. The accident took place on the night of October 29, 1889. The appellee had been playing the violin for a dance at Chestnut Hall in the city of Abington, and left the hall for home about 11 o'clock at night, and claims that in going home he stepped into a hole in appellant's walk, at the point above named. It will not be necessary for us to go over and discuss the different points of the evidence. On the part of the appellee there was his own oath, and that of one Lewis in corroboration to some extent, and some other corroborating circumstances. On the part of the appellant there was the evidence of Greenwood, who testifies to facts and circumstances that, if taken alone, would be sufficient to establish the fact that the defendant was injured in front of the calaboose on Main street, instead of Terry's hall on the same street, and there was other evidence corroborating Greenwood's evidence, but after a careful reading we think it was a fair question for the jury to determine; and that the evidence for appellant was not so overwhelming that the jury would not be

justified in rendering a verdict for appellee. The evidence makes the impression on our minds that it was a doubtful case whether the appellee was injured at the one place or the other. In that state of the evidence the verdict of the jury should govern.

As to the defendant's drunkenness, we have no doubt that he was considerably under the influence of intoxicating liquors, and probably not perfectly himself, but on the other hand, if he was injured at the place that he claims he was, the defect in the sidewalk was a dangerous one, and any one passing along in the night time, even while in the exercise of due care and caution, would be liable to injury.

All the facts considered, we think the jury would be justified in finding that the appellee, at the time of the accident, was in the exercise of reasonable care and caution.

Seeing no error in the record, the judgment of the court below is affirmed.